UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61169-RAR

**ALYSHA PRINCESS CESAIRE**, on her own behalf
and on behalf of her child, E.B., a minor,

    Plaintiff,

v.

**SHERIFF GREGORY TONY**, in his official capacity
as Sheriff of Broward County, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Joint Motion to Dismiss the Complaint [ECF No. 26] ("Motion"). The Court heard oral argument on the Motion on September 23, 2020 [ECF No. 36] ("Hearing") and has reviewed Plaintiff's Response to the Motion to Dismiss [ECF No. 32] ("Response"). For the reasons stated on the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 26] is **GRANTED** follows:

1. The Motion is **GRANTED** insofar as it seeks dismissal of all claims asserted against the Broward County Sheriff's Office ("BSO"). It is well-settled that sheriff's departments are not usually considered legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990). Thus, the Court agrees with Defendants that BSO is not a legal entity and, therefore, is not a proper party to this litigation. Mot. at 4-5. At the Hearing, Plaintiff's counsel indicated agreement on this point. Accordingly, this case is dismissed with prejudice as to the BSO Defendant.

2. The Motion is **GRANTED** to the extent it seeks further clarity regarding Plaintiff's allegations in Counts I and II that the remaining Defendants acted with deliberate indifference to Plaintiff's rights. The basis of Plaintiff's Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims is that Defendants discriminated against her on the basis of her disability when they subjectively implemented policies and procedures that resulted in an attempt to remove her son from her custody. *See generally* Compl. [ECF No. 1].

To state a claim under Title II of the ADA, Plaintiff must allege: (1) that she is a "qualified individual with a disability;" (2) that she was "excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason of such disability." 42 U.S.C. § 12132. Compensatory damages are available under the ADA and RA upon a showing of discriminatory intent, which can be satisfied by a showing of deliberate indifference.[1] *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir. 2012). Deliberate indifference requires proof that "the defendant knew that harm to a federally protected right was substantially likely and . . . failed to act on that likelihood." *Id*. at 344 (internal quotations omitted). In order to hold a government entity liable, a plaintiff must demonstrate that an "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [entity's] behalf" had "actual knowledge of discrimination in the [entity's] programs and fail[ed] adequately to respond." *Id.* at 349 (quoting *Gebser v. Lago Vista Indep. Sch. Dist*., 524 U.S. 274, 290 (1998)). To qualify, that "official" must be "high enough up the chain-of-command that his [or her] acts constitute an official decision by

---

[1] Discrimination claims under the RA are governed by the same standards used in ADA cases, and therefore, cases interpreting either are applicable and interchangeable. *See, e.g., Cash v. Smith*, 231 F.3d 1301, 1305 & n.2 (11th Cir. 2000).

the [entity] not to remedy the misconduct." *J.S., III by & through J.S. Jr. v. Hous. Cty. Bd. of Educ.*, 877 F.3d 979, 987 (11th Cir. 2017).

In the instant matter, the parties agree that, at the pleading stage, Plaintiff's allegations are sufficient to state a claim for injunctive relief under the ADA and RA. However, Defendants argue that Plaintiff's claims for compensatory damages must be dismissed because Plaintiff's allegations do not meet the deliberate indifference standard. *See* Mot. at 6-7. Plaintiff's Complaint alleges that Defendants intentionally discriminated against her because the child protective investigator ("CPI") assigned to her case did not make efforts to provide her with certain unnamed services or utilized required policies and forms throughout the abuse investigation. Defendants contend that these allegations do not establish either intentional discrimination against Plaintiff or deliberate indifference to her statutory rights because the CPI is not a *Liese* "official" and there are no allegations involving any official high enough on the command chain to permit a reasonable inference that, through their actions, they speak for Defendants as a whole. *Id.* at 7-8. The Court agrees. As it stands, Plaintiff's allegations do not rise to the "exacting standard," *J.S*, 877 F.3d at 987, that is deliberate indifference. Thus, as discussed at the Hearing, Plaintiff is granted leave to address these deficiencies and replead deliberate indifference as it pertains to the ADA and RA claims.

3. The Motion is **GRANTED** to the extent it seeks further clarification regarding the nature of Plaintiff's section 1983 claim based on Defendants' alleged widespread, well-settled and permanent discriminatory practice. It is well established that a municipality may be held liable under section 1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy." *See St. Louis v. Praprotnik*, 485 U.S. 112, 125 n.2 (1988); *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989). To establish section 1983 liability based on a "custom," a plaintiff must

allege facts establishing an unconstitutional practice so widespread that, "although not authorized by written law or express municipal policy," it is "so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F. 2d 1474, 1481 (11th Cir. 1991). The allegations must reflect "a practice that is so settled and permanent that it takes on the force of the law." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004).

Here, Defendants contend Plaintiff has not alleged the existence of a custom which caused a deprivation of Plaintiff's constitutional rights. Mot. at 13-14. Plaintiff alleges that Defendants' "den[ial] [of] rights to a parent of a child when such parent has a disability solely because of that person's own disability," constitutes "the custom, policy, and/or practice" of Defendants. Compl. ¶ 96. However, "the simple mention of 'policy and/or custom' is not enough, for 'a plaintiff must do something more than simply allege that such an official policy exists.'" *Perez v. Metro. Dade County*, No. 06-CV-20341, 2006 WL 4056997, *2 (S.D. Fla. Apr. 28, 2006) (quoting *Riebsame v. Prince*, 267 F. Supp. 2d 1225, 1233 (M.D. Fla. 2003)). The Court agrees that Plaintiff's section 1983 count is lacking allegations sufficient to state a claim against Defendants based on a custom, policy, and/or practice. Therefore, in accordance with the parties' discussion at the Hearing, Plaintiff's section 1983 claim is dismissed with leave to clarify the allegations and more effectively replead this claim.

4. Plaintiff shall file an Amended Complaint in compliance with this Order and all applicable pleading standards by **October 14, 2020**.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 24th day of September, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**