UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61169-RAR

**ALYSHA PRINCESS CESAIRE**, on her own behalf
and on behalf of her child, E.B., a minor,

    Plaintiff,

v.

**SHERIFF GREGORY TONY**, in his official capacity
as Sheriff of Broward County, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on United States Magistrate Ryon M. McCabe's Report and Recommendation ("Report"), [ECF No. 154], on Defendant's Motion to Dismiss the Third Amended Complaint ("Motion"), [ECF No. 143]. The Report recommends granting the Motion as to all claims for injunctive relief and declaratory relief, with prejudice, and denying the Motion as to claims for wrongful act damages and nominal damages under Title II of the ADA. *See* Rep. at 11–12. Defendant filed Objections to the Report ("Objs."), [ECF No. 157], and Plaintiff filed a Response to Defendant's Objections ("Response to Objs."), [ECF No. 161].

When a magistrate judge's disposition has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Defendant timely filed objections to the Report with regard to the claims for wrongful act damages and nominal damages until Title II of the ADA, the Court has conducted a *de novo* review of Magistrate Judge McCabe's legal and factual findings to which Defendant objected. Upon careful review of the record, the Report, Defendant's Objections, and Plaintiff's Response, the Court agrees with Magistrate Judge McCabe's recommendations.

### A. Claims for Damages

Title II of the ADA expressly incorporates the remedies set forth in the Rehabilitation Act, providing that "[t]he remedies, procedures, and rights set forth in [§ 505(a)(2) of the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability." 42 U.S.C. § 12133. The Supreme Court, finding the Rehabilitation Act silent as to available remedies, has outlined the types of damages recoverable in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022)—informed by damages "traditionally available for breach of contract." *Id.* at 226 (citing *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)). The Supreme Court explained that Spending Clause statutes, which include the Rehabilitation Act, operate by conditioning an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds. *Id.* at 219. The Supreme Court reasoned that because emotional distress damages are not recoverable under traditional contract law, they are likewise unavailable under Spending Clause statutes. *Id.* at 230.

While important to note that Title II of the ADA is not a Spending Clause statute and may not invoke the same contractual dynamic that shaped the outcome in *Cummings*, the Supreme Court acknowledged that "the ADA's status as a 'non Spending Clause' tort statute" was "quite irrelevant" because "[t]he ADA could not be clearer that the 'remedies, procedures, and rights . . . this subchapter provides' for violations of § 202 are the same as the 'remedies, procedures, and rights set forth in' § 505(a)(2) of the Rehabilitation Act, which is Spending Clause legislation." *Barnes v. Gorman*, 536 U.S. 181, 189 n.3 (2002) (internal citations omitted). It follows that those remedies available under the Rehabilitation Act are available under Title II of the ADA. Many other district courts have considered the issue and unanimously applied *Cummings*' limitations of

recoverable damages under Spending Clause statutes to determine the damages recoverable under the ADA. *See, e.g.*, *Doherty v. Bice*, No. 18-cv-10898, 2023 WL 5103900, at *6 (S.D.N.Y. Aug. 9, 2023) (collecting cases) ("[A]ll other federal courts that have apparently considered this issue have likewise found that emotional distress damages are not available under the ADA because, as the *Cummings* Court concluded, they are not available under the Rehabilitation Act."). Accordingly, the Court will extend the contract law analysis applied in Rehabilitation Act claims to Plaintiff's ADA claims.

Plaintiff agrees that she is not seeking emotional distress damages, which are not compensable under traditional contract law. Resp. to Mot. to Dismiss ("Resp."), [ECF No. 148] at 3. She claims instead that her "actual damages" are the result of "retain[ing] and pay[ing] an attorney for her dependency proceedings." *Id.* at 4. Plaintiff alleges that Defendant's actions "forced [her] to retain and pay private counsel for the Florida State Court dependency hearings," resulting in actual damages. Third Amended Complaint ("TAC") ¶¶ 3, 46, 83.

Traditional contract law recognizes that when a defendant's actions caused the plaintiff to engage in litigation against another party, the plaintiff may be entitled to litigation expenses under the "wrongful act doctrine." Restatement (First) of Contracts § 334 (Am. Law Inst. 1932). The wrongful act doctrine applies a narrow exception to the "default assumption" that "each party is responsible for its own legal fees" unless provided for by express statutory authority or by contract. *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003); *Ohio Farmers Ins. Co. v. Nestal*, No. 8:10-CV-1948-T-33MAP, 2011 WL 2532394, at *9 (M.D. Fla. June 1, 2011). However, in the absence of statute or contract, "when the wrongful act of a defendant forces the plaintiff into litigation with others, the plaintiff's attorneys' fees from that litigation are treated as the legal consequences of the defendant's conduct and may be recovered as damages." *Anago*

*Franchising, Inc. v. Shaz, LLC*, No. 10-62273, 2013 WL 12086840, at *1 (S.D. Fla. May 9, 2013) (quoting *Johnson Law Group v. Elimadebt USA, LLC*, No. 09-81331, 2010 WL 2035284, at *8 (S.D. Fla. May 24, 2010)). Thus, the wrongful act doctrine applies only to "the costs of litigation with third parties, not subsequent litigation with the defendants who committed the wrongful act." *Id.* (emphasis added).

Nominal damages are also recognized under traditional contract law and available to Plaintiff, even where she fails to prove actual damages. Restatement (Second) of Contracts § 346 (Am. Law Inst. 1981); *see also Alhassid v. Bank of America, N.A.*, No. 14-20484, 2015 WL 11216721, at *5 (S.D. Fla. Sept. 14, 2015). Defendant argues that because Plaintiff does not specifically plead nominal damages, no such damages are authorized. Objs. at 6. However, the Eleventh Circuit has affirmed an award for nominal damages when the complaint requested only compensatory damages and "any other relief the court deem[s] appropriate." *Boxer v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) (award of damages for violation of constitutional rights properly included nominal and compensatory damages). As Magistrate Judge McCabe notes, Defendant has cited no case law rebutting this proposition. And other district courts have agreed and applied the *Cummings* framework to awards for nominal damages. *Nieves v. Plaza Rehab. & Nursing Ctr.*, No. 120CV01191JLROTW, 2023 WL 4763945, at *9 (S.D.N.Y. July 26, 2023); *see also Klaneski v. Bristol Hosp., Inc.*, No. 3:22-CV-1158 (VAB), 2023 WL 4304925 (D. Conn. June 30, 2023) (holding that while plaintiff's claim for punitive and emotional distress damages under the Affordable Care Act was prohibited, plaintiff was permitted to amend her complaint to add claims for, *inter alia*, nominal damages, since "these types of remedies are not subject to the restrictions set forth in *Cummings* and *Barnes*."). Accordingly, Plaintiff's claims are subject to the award of nominal damages.

Defendant, Sheriff Gregory Tony, in his official capacity as Sheriff of Broward County ("BSO"), argues that Magistrate Judge McCabe misapplied the controlling law as to the wrongful act doctrine because the Complaint alleges that BSO was a party to the dependency proceedings from which Plaintiff seeks to recover litigation expenses. Objs. at 2. In turn, Plaintiff argues that BSO was not a party to the dependency proceeding and BSO conflates itself with the State of Florida Attorney General's Office and Florida Department of Children and Families ("DCF"). Resp. to Objs. at 3. However, the TAC is unclear as to the relationship between BSO and DCF, and the Court agrees with Magistrate Judge McCabe that, at this stage, the Court cannot yet resolve the issue of whether the entities should be treated as a single actor for purposes of the wrongful act doctrine. Report at 8–9.

### B. *Claims for Injunctive and Declaratory Relief*

The parties have not objected to Magistrate Judge McCabe's findings that the claims for injunctive relief and declaratory relief should be dismissed. Report at 3–4, 10–11. When no party has objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th

Cir. 1982)).  Because there are no objections to the injunctive and declaratory relief aspects of the Report, the Court did not conduct a *de novo* review of these issues.  Rather, the Court reviewed the Report's analysis of injunctive and declaratory relief for clear error and found none.  Thus, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 154], is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss, [ECF No. 143], is **GRANTED** as to all claims for injunctive and declaratory relief.  Said claims are **DISMISSED** *with prejudice*.

3. Defendant's Motion to Dismiss, [ECF No. 143], is **DENIED** as to claims for wrongful act damages and nominal damages under Title II of the ADA.

4. Consequently, the only recoverable damages remaining in this case under the sole count of the Complaint for violation of Title II of the ADA shall be wrongful act damages and nominal damages.

**DONE AND ORDERED** in Miami, Florida, this 6th day of November, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**